**Juan Carlos Herrera–MAGALLANES, aka Juan Herrera, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 10–72053.**

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2015.*

Filed Aug. 4, 2015.

Delia Salvatierra, Esquire, Law Office of Delia Salvatierra, P.C., Mesa, AZ, for Petitioner.

Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, Franklin M. Johnson, Jr., Trial, OIL, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: CANBY, BEA, and MURGUIA, Circuit Judges.

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Juan Carlos Herrera–Magallanes, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law. *Espino–Castillo v. Holder*, 770 F.3d 861, 863 (9th Cir.2014). We deny the petition for review.

Herrera–Magallanes contends that his conviction for forgery under Arizona Revised Statutes § 13–2002 is divisible and is not categorically a crime involving moral turpitude. Herrera–Magallanes' contention is foreclosed by this court's holding in *Espino–Castillo v. Holder*, where this court concluded § 13–2002 "requires intent to defraud" and was not divisible because it is a "statute that proscribes only morally turpitudinous conduct." *Id.* at 864–65. Accordingly, the BIA correctly determined that a conviction for forgery under § 13–2002 is categorically a crime involving moral turpitude that renders Herrera–Magallanes statutorily ineligible for cancellation of removal. *See* 8 U.S.C. §§ 1101(f)(3), 1229b(b)(1)(B).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).